FILED
CLERK

3:25 pm, Dec 14, 2018

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
RICHARD STEWART,
          Plaintiff,

          v.

NANCY BERRYHILL,
COMMISSIONER OF SOCIAL SECURITY,
          Defendant.
----------------------------------------------------------------x

Case No.: 12-cv-5695 (SJF)

**ORDER**

FEUERSTEIN, Senior District Judge:

      Plaintiff's counsel, Philip H. Seelig, Esq. (hereafter, "Counsel"), moves for the award of $13,300.00 in contingency fees pursuant to 42 U.S.C. § 406(b). (*See* ECF No. 20; hereafter, "Fee Application".) The Commissioner has not responded thereto. (*See* Case Docket, *in universum*.)

      Before approving the Fee Application, the Court must independently check it to ensure its reasonableness. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) (holding § 406(b) "calls for court review of [contingent-fee] arrangements as an independent check[] to assure that they yield reasonable results in particular cases"); *see also* 42 U.S.C. § 406(b)("the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled"). Thus, while Congress has provided a 25-percent-cap-on-fees guideline, simply because a requested fee falls under that cap does not make it presumptively recoverable. *See Gisbrecht*, 535 U.S. at 807. Rather, § 406(b) "requires an affirmative judicial finding that the fee allowed is 'reasonable'." *Id*. The Supreme Court instructs that courts should assess § 406(b) fee requests "by looking first to the contingent-fee agreement," *id.* at 808, and then at "the character of the representation and the results the representative achieved," *id.*; whether there has been an undue delay, which would result in the attorney benefitting therefrom, *see id.*; and, whether, given the facts of the case, the award would be a windfall to the attorney, *see id. See also, e.g., Wells v. Berryhill*, No. 15-cv-334-A, 2018 WL 6047273 (W.D.N.Y. Nov. 19, 2018).

      In ruling on the Fee Application, the Court assumes the parties' familiarity with the factual and procedural background of this case, but briefly states the following: After this Court's February 2015 remand of the action back to the Social Security Administration for

1

further administrative proceedings, (1) in February 2016, Plaintiff was approved for Social Security Disability benefits, and (2) in October 2017, Plaintiff was informed that (a) he would receive (i) approximately $87,000 for past-due benefits, and (ii) future monthly benefits of approximately $2,400 per month; and that (b) his son would receive approximately $42,000 in past-due benefits.

First, Plaintiff entered into two retainer agreements with Counsel agreeing to 25-percent contingency fee payments to Counsel. (*See* ECF No. 21-1.) Second, Counsel's $13,300.00 contingency fee request is well below § 406(b)'s 25-percent cap fee.[1] Moreover, as to the character of representation and the results achieved, the Court finds the requested fee to be reasonable given the success achieved in securing significant past-due benefits and future benefits after three agency-level denials of benefits and the further uncertainty of success upon remand. Moreover, the Court finds no facts that would support finding either undue delay, which would inure to the benefit of Counsel, or any windfall to Counsel.

It is also noteworthy that in this case there will be an Equal Access to Justice Act ("EAJA") award offset. (*See* Fee Application Support Memo (ECF No. 22) at 4, 9.) *See also Gisbrecht*, 535 U.S. at 796 ("an EAJA award offsets an award under Section 406(b), so that the [amount of the total past-due benefits the claimant actually receives] will be increased by the EAJA award"). Thus, Counsel "must give [Plaintiff] the $6,150.00 EAJA award" (Fee Application Support Memo at 9) previously "SO ORDERED" in this case. (*See* Stipulated EAJA Award (ECF No. 18).)

Accordingly, finding the Plaintiff authorized the payment of the requested $13,300.00 contingency fee and said fee is reasonable, IT IS HEREBY ORDERED that the Fee Application is GRANTED; Counsel is awarded the requested $13,300.00 contingency fee pursuant to 42 U.S.C. § 406(b).

SO ORDERED this 14th day of December 2018 at Central Islip, New York.

/s/ *Sandra J. Feuerstein*
Sandra J. Feuerstein
United States District Judge

---

[1] Assuming a total of $87,000.00, twenty-five percent of that amount equals $21,750.00.